DeMOSS, Circuit Judge,
specially concurring:
Under Article III of the Constitution federal courts have the power to resolve only “cases” and “controversies.” This constitutional limitation has manifested itself in the requirement that a plaintiff have standing, which requires a showing of (1) an injury in fact, (2) causation, and (3) redressibility. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).[1] The importance of standing is underscored by the fact it “tends to assure that the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action.” Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). The Supreme Court has recently recognized in Hein v. Freedom From Religion Foundation that another important purpose of the standing requirement is to ensure separation of powers. See — U.S. —, 127 S.Ct. 2553, 2570, — L.Ed.2d — (2007).
Furthermore, the Supreme Court has repeatedly stated that the standing elements “are not mere pleading requirements but rather an indispensable part of the plaintiffs case, [and] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof....” See, e.g., Lujan, 504 U.S. at 561, 112 S.Ct. 2130. Because of these indispensable and well-established *500 requirements, I concur wholeheartedly in the majority’s refusal to infer standing from a record completely lacking evidence on the subject. As the majority mentions, we have no evidence that the Does actually attended any meeting of the Tangipahoa Parish School Board, much less the meetings at which the invocations quoted in the stipulations were given.
Likewise, the stipulations say nothing about the injury in fact allegedly suffered by the Does. Unless the Does were actually exposed to an invocation, they could not possibly have suffered the kind of individualized injury necessary to confer standing. See Hein, 127 S.Ct. at 2564. In Hein, the Court emphasized that “a generally available grievance about government ... seeking relief that no more directly and tangibly benefits [the plaintiff] than it does the public at large” does not constitute an injury in fact. Id. (internal quotation marks omitted). Instead, the plaintiff must present evidence of an individualized and direct injury and seek relief that will likewise benefit him directly in order to satisfy the standing requirement. See id. at n. 2.[2] The Does simply have not presented any such evidence. As a result of their failure, this case is like Hein in that the Does have established only a general grievance indistinguishable from the one that any other non-attendee citizen could have.
In addition, I feel compelled to comment on the current state of the Supreme Court’s standing jurisprudence in Establishment Clause cases. On the one hand, the Court has stated that the standing requirements in Establishment Clause cases are as rigorous as in other types of cases. See Valley Forge, 454 U.S. at 484, 489, 102 S.Ct. 752 (“[W]e know of no principled basis on which to create a hierarchy of constitutional values or a complementary ‘sliding scale’ of standing.”). On the other hand, the Court has implicitly, and wrongly in my view, assumed standing in Establishment Clause cases where plaintiffs have not alleged or proved an injury that would suffice to confer standing in any other type of case.[3]
The Supreme Court cannot continue to speak out of both sides of its mouth if it intends to provide real guidance to federal courts on this issue. That is, it cannot continue to hold expressly that the injury in fact requirement is no different for Establishment Clause cases, while it implicitly assumes standing in cases where the alleged injury, in a non-Establishment Clause case, would not get the plaintiff into the courthouse. This double standard must be corrected because, contrary to the standing rules cited above, it opens the courts’ doors to a group of plaintiffs who have no complaint other than they dislike any government reference to God.
Regardless, I recognize that these parties may be before this Court again and I caution them that more evidence of the alleged injury in fact is essential for us to reach the merits of their dispute. To me, the critical issue is whether each of the Does has proved that he individually sustained an injury in fact as a result of the school board’s practice of permitting citi *501 zens of the school district to freely exercise their own rights of religion and free speech under the First Amendment by offering a prayer or invocation at the beginning of school board meetings. On the basis of the stipulations before us in this case, I would find these facts helpful in evaluating injury in fact: this prayer practice has existed for more than thirty years, the school board does not specify or approve the contents of any prayer or invocation in advance, and in giving the prayer or invocation, the speaker does not purport to speak for, or on behalf of, the school board. In my view, the fact that the Does “take offense” to this prayer practice should not constitute an injury in fact for standing purposes.

. Lujan defines injury in fact as “an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.” 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation marks and citations omitted); accord Black’s Law Dictionary 801 (8th ed.2004).

. In Hein, the individual Respondents asserted standing only on the basis that they were taxpayers. While Hein dealt with issues involving taxpayer standing, the rule that a plaintiffs injury must affect him individually and the remedy he seeks must benefit him directly, should be generally applicable in Establishment Clause cases.

. In order to prevent confusion, let me make clear that I do not intend to jump ship from the majority's position, as Judge Barksdale suggests in his dissent. I fully agree with the majority that this record does not contain the evidence required to establish standing.